IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. EVERADO COLIN-CAMORLINGA; aka EVERADO COLLINS-CAMORLINGA, Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 2:10-cr- 00077 CW Judge Clark Waddoups |
|---|---|

This matter is before the court on Defendant Everado Colin-Camorlinga's Motion to Stay Trial Pending Resolution of State Court Proceeding. On November 3, 2010, the court heard oral argument on Defendant's Motion to Collaterally Attack Order of Deportation and to Dismiss. The motion to dismiss and the motion to stay are interconnected and depend on resolution of the state court proceedings.

Defendant came to the United States under a lawful resident status. In 1996, he pled guilty to possession with intent to distribute a controlled substance. While Defendant has maintained his innocence for the crime, upon the advice of his counsel, he pled guilty to mitigate his sentence. Directly after completion of his sentence, Defendant was deported. Defendant contends he was not advised that his conviction would result in deportation and that had he known that information he would have faced the risks of trial.

In a recent United States Supreme Court case, the Court declared that failure to advise a defendant that his conviction may result in deportation can constitute ineffective assistance of

counsel.[1]  Defendant is now challenging his conviction due to *Padilla*, and has filed a petition under Utah's Post-Conviction Remedies Act.[2]  If Defendant's conviction is reversed, the grounds for his earlier deportation also will reverse.  In turn, this would impact the current charges against Defendant for illegal re-entry.  Because Defendant's present case is interconnected with Defendant's state court proceedings, he moves for a stay under the Speedy Trial Act.

The Speedy Trial Act allows for delay under certain conditions.  It excludes "[a]ny period of delay resulting from *other proceedings* concerning the defendant, *including but not limited to*," delays resulting from pre-trial motions, delays resulting from trial for other charges, and other similar matters.[3]  It also excludes periods of delay when a continuance is based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[4]  The ends of justice may be met when "the failure to grant such a continuance in the proceeding would be likely to . . . result in a miscarriage of justice."[5]

The facts underlying this motion are unusual.  Defendant has a colorable claim for reversal of his conviction, and a motion is currently pending to obtain that relief.  Were the court to disregard the state court proceeding merely to ensure this case moves to trial would result in a miscarriage of justice.  Defendant is willing to waive his right to a speedy trial and the government does not oppose

---

[1] *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).

[2] *See* Utah Code Ann. § 78B-9-101 to -110 (2010).

[3] 18 U.S.C. § 3161(h)(1) (2010).

[4] *Id.* § 3161(h)(7) (emphasis added).

[5] *Id.* § 3161(h)(7)(B)(i).

his motion.[6]  Accordingly, the court grants the motion to stay until the state court proceeding is concluded.[7]  Upon resolution of the state case, Defendant's counsel must immediately notify the court of its outcome.  The court will then address Defendant's pending motion to dismiss.

DATED this 23rd day of November, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[6] *See* Response to Mot. to Stay Trial (Docket No. 35).

[7] Docket No. 33.