IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. EVERADO COLIN-CAMORLINGA; aka EVERADO COLLINS-CAMORLINGA, Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:10-cr- 00077 CW<br><br>Judge Clark Waddoups |
|---|---|

## INTRODUCTION

Defendant Everado Colin-Camorlinga is currently detained on the charge of illegal re-entry. The Indictment asserts that Defendant was deported on or about March 25, 1997 and that on or about January 5, 2010 he was again found in the United States. He is charged with violating 8 U.S.C. § 1326. Defendant now moves to dismiss his Indictment on the grounds that he was charged after expiration of the statute of limitations. The court grants Defendant's motion.

## FACTUAL BACKGROUND

Defendant initially came to the United States under a lawful resident status. In 1996, he pled guilty to possession with intent to distribute a controlled substance. While Defendant has maintained his innocence for the crime, upon the advice of his counsel, he pled guilty to mitigate his sentence. Directly after completion of his sentence, Defendant was deported. Defendant has since filed for relief under Utah's Post-Conviction Remedies Act,[1] which petition is still pending.

---

[1] *See* Utah Code Ann. § 78B-9-101 to -110 (2010).

Shortly after Defendant's deportation on or about March 25, 1997, Defendant re-entered the United States using his previously issued passport and visa. Those documents, however, listed Defendant's name as "Everardo Collins Cardenas" rather than "Everado Colin-Camorlinga." This alias was known at the time of his deportation and is listed on his deportation documents.

On or about July 22, 2003, Defendant completed an application to replace his permanent resident card. The application stated Defendant's address and communications from Immigration and Naturalization Service ("INS") about the application were sent to the listed address. One such communication was on October 7, 2003, wherein INS acknowledged receipt of the application.[2]

The name listed on the application was "Everardo C. Cardenas," and the A-number was 044-757-867. The United States acknowledges the "A-file" for this number "contains documents regarding Everado Collins-Camorlinga, his aggravated felony conviction and removal under A-number 075210845." Second Mot. to Extend Response Date, 1 2 (Dkt. No. 48). The file also "contains computer-generated print-outs indicating that in 2003 United States immigration officials consolidated A-numbers 044757867 and 075210845." *Id.* at 2. For reasons that are unexplained, the application to replace Defendant's permanent resident card is missing from the file.

On February 3, 2010, the United States charged Defendant with illegal re-entry, after he "was found in the United States in the District of Utah" on or about January 5, 2010. Indictment, 1 (Dkt. No. 1). Defendant contends the Indictment must be dismissed because he was charged more than five years after the government "found" him in the United States.

---

[2] According to the notice, the United States asserts it received the application on September 25, 2003. *See* Notice of Action (Dkt. No. 43, Ex. 1 at 3).

# ANALYSIS

Defendant is charged with illegal re-entry under 8 U.S.C. § 1326. The statute of limitations for this crime is five years. *United States v. Vargas*, 408 Fed. Appx. 676, 679 (4th Cir. 2011) (citing 18 U.S.C. § 3282). "The statute "begins to run . . . when an offense is "complete."" *Id.* (citation omitted). The Tenth Circuit has stated, "a deported alien may violate Section 1326(a) in three ways: he may (1) illegally reenter the United States, (2) attempt to illegally reenter the United States, or (3) be later *found* at any time in the United States." *United States v. Sierra-Ledesma*, 645 F.3d 1213, 1218 (10th Cir. 2011) (emphasis added).

As stated above, the charge in the Indictment asserts that Defendant was *found* within the United States. Under Section 1326,

> A defendant is "found" for this purpose when the government knows, or could have known through the exercise of diligence typical of law enforcement, the following: (1) the defendant is a prior deportee, (2) the defendant is illegally present in the United States (i.e., the defendant is an illegal alien), and (3) the defendant's whereabouts.

*Id.* at 1223 n. 5 (quoting *United States v. Villarreal-Ortiz*, 553 F.3d 1326, 1330 (10th Cir. 2009)). The court finds that each of these elements have been met in this case. Defendant's A-file contained information about Defendant's alternate names, his felony conviction, and his prior deportation. It also lists his birth date and both A-numbers. Defendant's application contained his address, which the government used to communicate with Defendant. This information is sufficient to show that the United States knew or could have known, through reasonable diligence, that Defendant had

previously been deported, that he was in the United States unlawfully,[3] and that he was residing at a known address in Utah.[4]  Because this information was known in 2003, the statute of limitations ran in 2008.  Accordingly, the Indictment is untimely and the court hereby dismisses it.

## CONCLUSION

For the reasons stated above, the court hereby GRANTS Defendant's Second Motion to Dismiss[5] and ORDERS that Defendant be released from custody immediately.

DATED this 19th day of December, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[3] Although Defendant re-entered using his previously issued passport and visa, Defendant still had the status of a deported alien with a felony conviction at the time of his re-entry.

[4] The United States has not filed a response to Defendant's motion to dismiss.  Its response was due on November 9, 2011.  The court granted two motions to extend time to file a response, which extended the time until December 14, 2011.  In the United States second motion, it stated it was still trying to gather information to determine whether the Indictment should be dismissed or the motion should be denied.  Because the United States has not refuted the evidence, the court accepts it as true.

[5] Docket No. 40.